UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------X
                               :
MARVIN NARCISSE                :
                               :
v.                             :    Civil. No. 3:17CV02017(AWT)
                               :
COMMISSIONER OF MENTAL HEALTH  :
                               :
-------------------------------X
```

**ORDER DISMISSING CASE**

The defendant filed an Amended Complaint (see Doc. No. 8) in response to the Recommended Ruling that recommended that the Complaint be dismissed without prejudice because (1) his request to vacate his commitment to CVH is in substance a federal habeas petition and he has not exhausted his state court remedies; (2) his double jeopardy claim is not ripe; and (3) his 42 U.S.C. § 1983 civil rights claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994)) (Doc. No. 6). The court accepted a second Recommended Ruling that recommended that the Amended Complaint be dismissed for the same reasons (Doc. No. 11) and dismissed the Amended Complaint over the plaintiff's objection without prejudice to refiling. On February 8, 2018 the plaintiff filed a Second Amended Complaint (Doc. No. 12).

In the Second Amended Complaint, the plaintiff does not plead any facts which could support a claim that his double

jeopardy claim should not be dismissed based on the fact that it is not ripe, or facts that could support a conclusion that his § 1983 civil rights claim is not barred by Heck v. Humphrey. Also, the plaintiff states "I would wait to exhaust all state remedies if the state was not focused on making more constitutional mistakes at my expense." Second Amend. Compl. (Doc. No. 12). The plaintiff's intent is not clear but, in any event, it is clear that he has not exhausted his state court remedies and his request to vacate his commitment to CVH must be dismissed for that reason.

Accordingly the Second Amended Complaint is hereby DISMISSED.

The court will not issue a certificate of appealability because the plaintiff has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

The Clerk shall close this case.

It is so ordered.

Dated at Hartford, Connecticut on this 17th day of May, 2017.

                                            /s/AWT
                                         Alvin W. Thompson
                                United States District Judge